UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

                                        Criminal No. 05-269 (JNE) (1)
v.                                      Civil No. 15-4513 (JNE)
                                        ORDER
Gordon David Reese,

        Defendant.

This case is before the Court on Defendant's motion to vacate, set aside, or correct his sentence. *See* 28 U.S.C. § 2255 (2012). For the reasons set forth below, the Court grants in part and denies in part Defendant's motion without an evidentiary hearing. *See Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013).

A grand jury charged Defendant with conspiracy to distribute and possess with intent to distribute methamphetamine (Count 1), possession with intent to distribute methamphetamine (Count 2), possession of a firearm in furtherance of a drug trafficking crime (Count 3), armed career criminal in possession of a firearm (Count 4), and assault resulting in serious bodily injury (Count 5). A jury found him guilty of the crimes charged in Counts 1, 2, 3, and 4, as well as assault resulting in bodily injury, a lesser included offense of the crime charged in Count 5.

At sentencing, the Court concluded that Defendant was subject to the enhancements of the Armed Career Criminal Act and the career offender guidelines. The Court sentenced him to 363 months' imprisonment. The term consisted of 303 months on each of Counts 1, 2, and 4, to be served concurrently; 6 months on Count 5's lesser

included offense, to be served concurrently; and 60 months on Count 3, to be served

consecutively.  Defendant appealed, and the Eighth Circuit affirmed.  *United States v.*

*Reese*, 240 F. App'x 168 (8th Cir. 2007) (unpublished per curiam).

More than eight years later, Defendant filed his § 2255 motion.  Citing *Johnson v.*

*United States*, 135 S. Ct. 2551 (2015), Defendant moved to be resentenced without the

enhancements of the Armed Career Criminal Act or the career offender guidelines.  The

government did not oppose Defendant's motion insofar as Defendant asserted his

sentence on Count 4 should not be enhanced under the Armed Career Criminal Act.

Otherwise, the government opposed Defendant's motion.[1]

### Count 4—Armed Career Criminal Act

"Federal law forbids certain people—such as convicted felons . . .—to ship,

possess, and receive firearms.  In general, the law punishes violation of this ban by up to

10 years' imprisonment.  But if the violator has three or more earlier convictions for a

'serious drug offense' or a 'violent felony,' the Armed Career Criminal Act increases his

prison term to a minimum of 15 years and a maximum of life."  *Johnson*, 135 S. Ct. at

2555 (citations omitted).  A "violent felony" is:

> any crime punishable by imprisonment for a term exceeding one year, or
> any act of juvenile delinquency involving the use or carrying of a firearm,
> knife, or destructive device that would be punishable by imprisonment for
> such term if committed by an adult, that—
>
> > (i) has as an element the use, attempted use, or threatened use of
> > physical force against the person of another; or

---

[1]     Without explanation, the government filed its response more than one month late.
In the absence of any discernible prejudice to Defendant, the Court considers the late
response.  *See Dall v. United States*, 957 F.2d 571, 572 (8th Cir. 1992) (per curiam).

>(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (2012) (emphasis added).  The italicized portion of this

definition is known as the residual clause.  In *Johnson*, the Supreme Court held "that

imposing an increased sentence under the residual clause of the Armed Career Criminal

Act violates the Constitution's guarantee of due process."  135 S. Ct. at 2563.  "*Johnson*

announced a substantive rule that has retroactive effect in cases on collateral review."

*Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

Defendant was sentenced on Count 4 under the Armed Career Criminal Act based

on his previous adult convictions for (1) possession of a short-barreled shotgun; (2)

assault in the second degree based on an incident that took place in July 1999; and (3)

assault in the second degree based on an incident that took place in September 1999.[2]  In

light of *Johnson*, the government conceded that possession of a short-barreled shotgun is

not a violent felony for purposes of the Armed Career Criminal Act.  Thus, the

government asked "that a 120-month sentence be imposed."[3]  The Court imposes a

sentence of 120 months' imprisonment on Count 4.[4]  *See Gardiner v. United States*, 114

---

[2]     The July 1999 incident resulted in convictions on two counts of assault in the second degree.  The Armed Career Criminal Act applies to a person who has three previous convictions for serious drug offenses or violent felonies "committed on occasions different from one another."  18 U.S.C. § 924(e)(1).

[3]     *But see Olten v. United States*, 565 F. App'x 558, 560 (8th Cir. 2014) (unpublished per curiam) ("Although the ACCA should not have been applied to Olten's sentence, it does not follow that Olten is necessarily entitled to relief under section 2255.").

[4]     Defendant has been in custody since 2005.

F.3d 734, 736 (8th Cir. 1997) ("Section 2255 affords the court broad and flexible power in correcting invalid convictions or sentences.").

*Career offender guidelines*

Section 4B1.1 of the United States Sentencing Guidelines creates enhanced guideline ranges for career offenders.  "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."  U.S.S.G. § 4B1.1(a).  Defendant's motion relates to the third part of this definition.

When Defendant was sentenced, § 4B1.2(a) of the sentencing guidelines defined "crime of violence" as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that --
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Thus, language identical to the now-invalidated residual clause of the Armed Career Criminal Act appeared in the definition of crime of violence.  The question of whether § 4B1.2(a)'s residual clause is also invalid after *Johnson* is currently before the Supreme Court.  *See Beckles v. United States*, 2016 WL 1029080 (U.S. June 27, 2016).

4

The Court assumes without deciding that Defendant's conviction of possession of a short-barreled shotgun is not a crime of violence. His assertion that he was improperly sentenced as a career offender nevertheless has no merit. Assault in the second degree under Minnesota law is a crime of violence. *See United States v. Headbird*, No. 15-3718, 2016 WL 4191186, at *2 (8th Cir. Aug. 9, 2016);[5] *United States v. Lindsey*, 827 F.3d 733, 740 (8th Cir. 2016). Thus, Defendant had at least two prior felony convictions for crimes of violence. He was properly sentenced as a career offender.

*Conclusion*

Insofar as Defendant challenged his sentence on Count 4 under the Armed Career Criminal Act, the Court grants his § 2255 motion and imposes a sentence of 10 years' imprisonment. In all other respects, the Court denies Defendant's § 2255 motion.[6] The Court denies Defendant's motion for appointment of counsel. *See* Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts. No certificate of appealability is warranted. *See* 28 U.S.C. § 2253(c)(2) (2012); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

---

[5]  In his traverse to the government's response, Defendant discussed the part of *Headbird* that addressed whether a juvenile adjudication for second degree assault constituted a violent felony. 2016 WL 4191186, at *2-4 ("Because Headbird's conviction for second degree assault was a juvenile adjudication, it must also have 'involve[d] the use or carrying of a firearm, knife, or destructive device' in order to qualify as an ACCA predicate offense."). Defendant committed the second degree assaults when he was an adult.

[6]  Defendant filed a § 2255 motion in December 2015, essentially the same § 2255 motion in January 2016, and a motion for leave to amend his § 2255 motion in August 2016. The motion for leave to amend elaborates on the claims made in his § 2255 motions. The Court construes the three motions as Defendant's § 2255 motion.

Based on the files, records, and proceedings herein, and for the reasons stated

above, IT IS ORDERED THAT:

1.    Defendant's § 2255 motion [Docket Nos. 123, 129, and 133] is GRANTED
      IN PART and DENIED IN PART.

2.    Defendant's motion for appointment of counsel [Docket No. 128] is
      DENIED.

3.    Defendant's sentence is vacated as to Count 4.  Defendant is resentenced to
      120 months' imprisonment on Count 4, to be served concurrently with the
      terms of imprisonment previously imposed on Counts 1 and 2.

4.    A certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 27, 2016

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge