UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

v.

Gordon David Reese,

       Defendant.

Case No. 05-cr-269 (JNE)
ORDER

This case is before the Court on Defendant's Motion for Compassionate Release

Under 18 U.S.C. § 3582(c)(1)(A).[1]  For the reasons stated below, the Court denies the

motion.

A "court may not modify a term of imprisonment once it has been imposed"

except in limited circumstances, which include:

> [T]he court, upon motion of the Director of the Bureau of
> Prisons, or upon motion of the defendant after the defendant
> has fully exhausted all administrative rights to appeal a failure
> of the Bureau of Prisons to bring a motion on the defendant's
> behalf or the lapse of 30 days from the receipt of such a
> request by the warden of the defendant's facility, whichever
> is earlier, may reduce the term of imprisonment (and may
> impose a term of probation or supervised release with or
> without conditions that does not exceed the unserved portion
> of the original term of imprisonment), after considering the

---

[1] The government filed three motions for an extension of time to file a response to Defendant's § 3582(c)(1)(A) motion.  Before he received the third, Defendant moved to deny the government an additional extension and for a ruling on the existing record. After the Court granted the government's third motion and he received the government's response, Defendant moved for an extension of time to file a reply and filed a reply.  The government's first two motions for an extension are denied as moot.  Defendant's motion to deny the government an additional extension and for a ruling on the existing record is denied.  His motion for an extension of time to file a reply is granted, and his reply is timely filed.

1

factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c); *see United States v. Rodriguez-Mendez*, 65 F.4th 1000, 1002 (8th Cir. 2023). The defendant bears the burden to demonstrate that a sentence reduction is warranted. *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).

According to the applicable policy statement, "the court may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that" (1) "[e]xtraordinary and compelling reasons warrant the reduction"; (2) "[t]he defendant is not a danger to the safety of any other person or to the community"; and (3) "[t]he reduction is consistent with this policy statement." U.S.S.G. § 1B1.13(a). The policy statement details circumstances under which "[e]xtraordinary and compelling reasons exist." U.S.S.G. § 1B1.13(b). They include:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6). "Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive)

2

shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement." U.S.S.G. § 1B1.13(c).

"[C]onsider[ing] whether the sentencing disparity created by Congress's nonretroactive change to § 924(c)'s mandatory penalties can serve as an 'extraordinary and compelling reaso[n]' that 'warrant[s]' a reduction," the Supreme Court recently held that it cannot. *Rutherford v. United States*, 146 S. Ct. 1320, 1326 (2026) (third and fourth alteration in original). "The statutory text and structure make clear that Congress's nonretroactive change to § 924(c)—considered by itself or in combination with other factors—cannot make a prisoner eligible for compassionate release. To the extent that it counsels otherwise, the Commission's policy statement is invalid." *Id.* at 1335.

Defendant relied on Amendment 833 to the Sentencing Guidelines to demonstrate that extraordinary and compelling reasons warrant a sentence reduction. The Court declines to consider Amendment 833 for present purposes because it has not been made retroactive. *See* U.S.S.G. § 1B1.10(d). Defendant has not demonstrated that extraordinary and compelling reasons warrant a sentence reduction. His § 3582(c)(1)(A) motion is denied.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant's Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A) [Docket No. 169] is DENIED.

2. The government's motions for an extension of time to file a response [Docket Nos. 171 and 173] are DENIED as moot.

3.  Defendant's motion to deny the government an additional extension of time and for a ruling on the existing record [Docket No. 179] is DENIED.

4.  Defendant's motion for an extension of time to file a reply [Docket No. 180] is GRANTED.

Dated: June 11, 2026

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge